Victor H. Saldarriaga, Esq.
THE SALDARRIAGA LAW FIRM
275 Madison Avenue, Suite 1605
New York, New York 10016
(212) 682-4904

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                             :
AURELIO TORRES,                                              :
                                                             :
                                Plaintiff,                   :
                                                             :          **COMPLAINT**
                 - against -                                 :
                                                             :
CIELI PARTNERS, L.P. d/b/a TRATTORIA                         :
DELL'ARTE, AND THE FIREMAN GROUP                             :
CAFÉ CONCEPTS, INC. d/b/a THE FIREMAN                        :
HOSPITALITY GROUP,                                           :
                                                             :
                                Defendants.                  :
-------------------------------------------------------------X

Plaintiff AURELIO TORRES ("TORRES" or "Plaintiff"), by his attorneys THE

SALDARRIAGA LAW FIRM, complaining of Defendants CIELI PARTNERS, L.P. ("CP") d/b/a

TRATTORIA DELL'ARTE and THE FIREMAN GROUP CAFÉ CONCEPTS, INC. ("FG") d/b/a

THE FIREMAN HOSPITALITY GROUP, alleges as follows:

## JURISDICTION AND VENUE

1.      This action seeks declaratory and equitable relief, backpay, compensatory and

punitive damages, attorney's fees and costs, and other relief to redress: discrimination in employment

on the basis of race, color, national origin, and age, and retaliation for opposing unlawful

employment practices suffered by AURELIO TORRES in his treatment while employed by

Defendants, and for unpaid overtime compensation.

2.      This action is brought pursuant to: Title VII of the Civil Rights Act of 1964, as amended, §§ 2000e, *et seq*. ("Title VII"), the Reconstruction Era Civil Rights Act, codified at 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, ("§ 1981"); the New York Executive Law § 290, *et seq*. ("Executive Law"), the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-101, *et seq*. ("Human Rights Law"); the Age Discrimination in Employment Act, 29 USC §621, *et seq*. ("ADEA"); and the Fair Labor Standards Act, 29 U.S.C.A. § 216, *et seq*. ("FLSA") and the New York State Labor Law §652.

3.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and the principle of pendent jurisdiction.

4.      The employment practices and acts of discrimination alleged in this Complaint were committed within the Southern District of New York and therefore venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## JURISDICTIONAL PREREQUISITES

5.      Plaintiff timely filed a charge of discrimination and retaliation against Defendants with the United States Equal Employment Opportunity Commission ("EEOC") on or about July 6, 2015, complaining of the acts of discrimination and retaliation herein.

6.      On or about July 28, 2016, the EEOC issued to Plaintiff a Notice of Suit Rights about his rights to sue Defendants in federal or state court.

7.      This action was commenced within ninety (90) days of receipt of the EEOC's Notice of Suit Rights.

## PARTIES

8.      Plaintiff, a sixty-four (64) year old, male of Mexican national origin with a medium dark complexion, was an employee of Defendants at its New York City operations for approximately 25 years.

9.      Upon information and belief, Defendant CP is a business entity authorized to do business in the State of New York and is engaged in a restaurant operation named Trattoria Dell'Arte located at: 900 Seventh Avenue, New York, New York 10019.

10.     Upon information and belief, Defendant FG is a domestic corporation engaged in operating full service restaurants, including restaurant Trattoria Dell'Arte, with main offices located at: 888 Seventh Avenue, Suite 203, New York, New York 10106.

11.     At all times relevant, upon information and belief, Defendants CP and FG were, individually and jointly, Torres' employer within the meaning of Title VII, ADEA, the Human Rights Law and the Executive Law.

## FACTS

12.     Plaintiff was first employed by Defendant CP in December of 1988, in the position of Cook.

13.     At all times relevant, Plaintiff's work location was at the Trattoria Dell'Arte restaurant located at 900 Seventh Avenue, New York, New York 10019.

14.     However, at all times relevant, Plaintiff's employment was under the direction and control of both Defendants CP and FG.

15.     Plaintiff was employed by Defendants from December 26, 1988, until September 11, 2014, in the positions of Cook and Sous-Chef.

16.     Plaintiff's time, attendance and work performance were satisfactory.

17.     Throughout his employment with Defendants, which is more than twenty-five (25) years, Plaintiff met applicable job qualifications, was qualified for the position which he held, and performed the job in a matter which fully met Defendants' legitimate expectations.

18.     However, during his employment with Defendants, Plaintiff did not receive any training from Defendants or was sent by Defendants to receive training regarding food preparation, food allergies, and/or anything related to the same.

19.     At all times relevant, Plaintiff was misclassified as "exempt" from the requirements of the FLSA (i.e. not eligible to receive overtime pay) during his employment with Defendants.

20.     Throughout his employment with Defendants, Plaintiff was required to work six (6) days per week, while other Sous-Chefs who were not of the same race, national origin, color and/or age as Plaintiff were only required to work five (5) days per week.

21.     Throughout his employment with Defendants, but most prevalent after 2010, Plaintiff was required to work a twelve (12) hour workday, while other Sous-Chefs who were not of the same race, national origin, color and/or age as Plaintiff were only required to work an eight (8) to ten (10) hour workday.

22.     Many times, but most prevalent within the last two (2) years of his employment with Defendants, Plaintiff was required to work additional hours and have his work schedule changed without his consent or knowledge due to special events and/or vacations.

23.     However, other Sous-Chefs who were not of the same race, national origin, color and/or age as myself were only required to work their regular weekly schedule during that same period of time.

-4-

24.     For example, when Head Chef, Daniel Turchetti, a white male, went on vacation, Plaintiff was forced to work seven (7) days straight and in total seventeen (17) days within a three week period, and twelve (12) hour workday.

25.     Plaintiff was never fairly compensated for the additional time that he had to work as overtime as required by the FLSA and New York State labor Law.

26.     In July 2014, Plaintiff complained to Mr. Paolo DelGatto, Defendant CP's President, about the unlawful treatment he was experiencing at work.

27.     Contrary to Defendants' anti-harassment and anti-discrimination policy, upon information and belief, no official investigation was conducted, and the illegal behavior was never redressed.

28.     And the unlawful treatment continued, in that management, in particular, General Manager Brandon Fay ("Fay"), a while male, began to unduly scrutinize and criticize Plaintiff's work performance even more.

29.     On or about September 4, 2014, Plaintiff was accused of serving a salad which he did not prepare to a patron who was allegedly allergic to an ingredient contained therein.

30.     Fay admonished Plaintiff in front of others regarding this incident.

31.     On or about September 11, 2014, about two (2) months after complaining of unlawful treatment at work, Plaintiff received an undated letter from Kimberly Kinnard, FG's Human Resources Representative, informing him that his employment with Defendants was terminated without stating the reason why he was being terminated.

32.     Upon information and belief, Plaintiff was replaced by a individuals younger than him.

33.     Defendants allegedly released Plaintiff from his employment due to guest's food safety concerns.

34.     However, Defendants did not release other Chefs who were not of the same race, national origin, color and/or age as Plaintiff due to guest's food safety concerns.

35.     In particular, in or about 2013, when Head Chef Daniel Turchetti, a white male, prepared and allowed to be served a Carbonara pasta plate which included lobster to a patron who was allergic to lobster, he was not disciplined with termination of employment. Upon information and belief,  Head Chef Daniel Turchetti was not disciplined at all by Defendants for his mistake.

36.     Defendant's reasons for discharging Plaintiff from his position were pretextual and that Defendants started a paper trail to terminate Plaintiff.

37.     The Plaintiff's race, national origin, color, and/or age were motivating factors in Defendants' decision to discharge Plaintiff because other employees who are not of the same race, national origin, color and/or age as Plaintiff were not treated in this manner.

38.     Moreover, Plaintiff was retaliated against because he exercised his legal right to complain about unlawful treatment at work and was terminated from his employment shortly thereafter.

39.     As a result of this course and pattern of harassment, humiliation, and discriminatory conduct, Plaintiff suffered and continues to suffer mental and emotional distress.

40.     Plaintiff has been discriminated and retaliated against in violation of the Title VII, § 1981, Executive Law, Human Tights Law, ADEA, and plaintiff has not been fairly compensated in violation of FSLA and New York State labor Law.

41.     Plaintiff seeks declaratory and injunctive relief and any and all compensatory,

-6-

punitive or other damages available to him under law.

**First Claim for Relief**

42.    Paragraphs 1 through 41 are incorporated as if fully set out herein.

43.    Defendants' acts, practices, and policies alleged in this Complaint constitute intentional discrimination on the basis of race, color and national origin in violation of Title VII, thus requiring the relief hereinafter demanded.

**Second Claim for Relief**

44.    Paragraphs 1 through 41 are incorporated as if fully set out herein.

45.    Defendants' act of terminating Plaintiff's employment constituted an act of retaliation against Plaintiff for filing complaints of discrimination. Defendants' acts of retaliation were in violation of Title VII, thus requiring the relief hereinafter demanded.

**Third Claim for Relief**

46.    Paragraphs 1 through 41 are incorporated as if fully set out herein.

47.    Defendants' acts, practices, and policies alleged in this Complaint constitute intentional discrimination on the basis of race in violation of § 1981, thus requiring the relief hereinafter demanded.

**Fourth Claim for Relief**

48.    Paragraphs 1 through 41 are incorporated as if fully set out herein.

49.    Defendants' act of terminating Plaintiff's employment constituted an act of retaliation against Plaintiff for filing complaints of discrimination. Defendants' acts of retaliation were in violation of § 1981, thus requiring the relief hereinafter demanded.

**Fifth Claim for Relief**

50.     Paragraphs 1 through 41 are incorporated as if fully set out herein.

51.     Defendants' acts, practices and policies which discriminated against Plaintiff on account of race, color and national origin constitute violations of NYS Executive Law thus requiring the relief hereinafter demanded.

**Sixth Claim for Relief**

52.     Paragraphs 1 through 41 are incorporated as if fully set out herein.

53.     Defendants' act of terminating Plaintiff's employment constituted an act of retaliation against Plaintiff for filing a complaints of discrimination. Defendants' acts of retaliation were in violation of NYS Executive Law thus requiring the relief hereinafter demanded.

**Seventh Claim for Relief**

54.     Paragraphs 1 through 41 are incorporated as if fully set out herein.

55.     Defendants' acts, practices and policies which discriminated against Plaintiff on account of race, color and national origin constitute violations of Human Rights Law thus requiring the relief hereinafter demanded.

**Eighth Claim for Relief**

56.     Paragraphs 1 through 41 are incorporated as if fully set out herein.

57.     Defendants' act of terminating Plaintiff's employment constituted an act of retaliation against Plaintiff for filing a complaints of discrimination. Defendants' acts of retaliation were in violation of Human Rights Law thus requiring the relief hereinafter demanded.

**Ninth Claim for Relief**

58.     Paragraphs 1 through 41 are incorporated as if fully set out herein.

59.     Defendants' acts, practices and policies which discriminated against Plaintiff on account of age constitute a violation of the ADEA thus requiring the relief hereinafter demanded.

### Tenth Claim for Relief

60.     Paragraphs 1 through 41 are incorporated as if fully set out herein.

61.     Defendants' acts, practices and policies which required Plaintiff to consistently work more than forty (40) hours per week without overtime compensation constitute a violation of the FSLA thus requiring the relief hereinafter demanded.

### Eleventh Claim for Relief

62.     Paragraphs 1 through 41 are incorporated as if fully set out herein.

63.     Defendants' acts, practices and policies which required Plaintiff to consistently work more than forty (40) hours per week without overtime compensation constitute a violation of the New York Labor Law §652 thus requiring the relief hereinafter demanded.

### Jury Demand

64.     Plaintiff demands trial by jury.

### Prayer for Relief

65.     **Wherefore**, Plaintiff prays that this Court:

(a)     declare Defendants' conduct to be in violation of his rights;

(b)     enjoin Defendants from engaging in such conduct;

(c)     award Plaintiff backpay with interest;

(d)     award Plaintiff reinstatement or front pay until normal retirement age;

(e)     statutory liquidated damages due to the Defendants' willful conduct;

(f)     direct Defendants' to pay Plaintiff liquidated damages for Defendants' failure to pay him overtime;

(g)     award Plaintiff compensatory damages the amount to be determined at trial for emotional distress, mental anguish, and humiliation;

(h)     award Plaintiff punitive damages the amount to be determined at trial;

(i)     award Plaintiff pre-judgment interest on all monetary awards;

(j)     award Plaintiff costs and attorney's fees; and

(k)     grant such other relief as it may deem just and proper.

Dated: New York, New York
        October 26, 2016

                                Respectfully Submitted,

                                THE SALDARRIAGA LAW FIRM

                                By: _____s/_____
                                        Victor H. Saldarriaga

                                275 Madison Avenue, Suite 1605
                                New York, New York 10016
                                (212) 682-4904

                                Attorneys for Plaintiff