UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
AURELIO TORRES,                                       :
                                                      :
                              Plaintiff,              :    16 Civ. 8477 (KPF)
                                                      :
                       v.                             :    OPINION AND ORDER
                                                      :
CIELE PARTNERS L.P. *d/b/a* TRATTORIA                 :
DELL'ARTE and THE FIREMAN GROUP                       :
CAFÉ CONCEPTS, INC. *d/b/a* THE                       :
FIREMAN HOSPITALITY GROUP,                            :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 26, 2017

KATHERINE POLK FAILLA, District Judge:

At the heart of this Opinion is a simple question: When did Plaintiff Aurelio Torres file his Complaint?[1] This Court's records supply one answer — November 1, 2016. But Plaintiff insists that he filed the Complaint one day sooner, on October 31, 2016.

The Complaint's filing date is a dispositive issue in this case. In his Complaint's First and Second Claims for Relief, Plaintiff alleges that Defendants Ciele Partners L.P. and The Fireman Group Café Concepts, Inc. (together, "Defendants") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). And in his Ninth Claim for Relief, Plaintiff alleges that Defendants violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (the "ADEA"). Plaintiff first sought redress

---

[1] Throughout this Opinion, the Court will use the term "Plaintiff" to refer to the actions of both Plaintiff Aurelio Torres and his counsel, Victor H. Saldarriaga.

for these alleged wrongs by filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (the "EEOC"). On July 28, 2016, the EEOC mailed to Plaintiff a letter stating that it would not be pursuing his case and notifying Plaintiff of his right to sue Defendants (the "Right to Sue Letter"). Plaintiff received the Right to Sue Letter on August 1, 2016. The parties agree that Plaintiff needed to file his Complaint within 90 days of receiving the Right to Sue Letter — i.e., on or before October 31, 2016 — in order for his Title VII and ADEA claims to be timely.[2]

Defendants moved to dismiss Plaintiff's First, Second, and Ninth Claims for Relief, arguing that all three claims are time-barred because Plaintiff filed his Complaint on November 1. Because Defendants and Plaintiff submitted documentary evidence in support of their motion to dismiss and opposition, respectively, the Court converted Defendants' motion to dismiss into a Rule 56 motion for summary judgment. And because the undisputed facts of this case establish that Plaintiff filed his Complaint on November 1, not October 31, the Court grants Defendants' motion and dismisses Plaintiff's First, Second, and Ninth Claims for Relief.

---

[2] The end of Plaintiff's 90-day filing period fell on October 30, 2016, a Sunday. Accordingly, under Federal Rule of Civil Procedure 6(a)(1)(C), Plaintiff's time to file his Complaint was extended "until the end of the next day that [was] not a Saturday, Sunday, or legal holiday" — here, Monday, October 31, 2016. Fed. R. Civ. P. 6(a)(1)(C).

# BACKGROUND[3]

## A. Factual Background

Defendants operate Trattoria Dell'Arte, a restaurant in New York City. (Compl. ¶¶ 9-10). Plaintiff began working at the restaurant in 1988, and continued working there as a cook and sous-chef until September 11, 2014, when he was terminated. (*Id.* at ¶¶ 12-15, 29-31). In July 2015, Plaintiff filed with the EEOC a charge claiming that he suffered discrimination and retaliation during his time at Trattoria Dell'Arte. (*Id.* at ¶ 5).

On July 28, 2016, the EEOC mailed the Right to Sue Letter to Plaintiff. (Right to Sue Letter 1). Enclosed with the letter was a "Dismissal and Notice of Rights" form, which, in a section titled "Notice of Suit Rights," stated that if Plaintiff wished to sue Defendants under Title VII or the ADEA, his "lawsuit must be filed WITHIN 90 DAYS of [his] receipt of th[e] notice." (*Id.* at 2; *see also id.* at 3 (same)). Plaintiff received the Right to Sue Letter on August 1, 2016. (Pl. Letter Pre-Motion Letter Response 3; Pl. Opp. 1).

---

[3] This Opinion draws on facts from several sources: Plaintiff's Complaint ("Compl." (Dkt. #1)); a December 23, 2016 letter in which Defendants announced their intention to move to dismiss the Complaint ("Def. Pre-Motion Letter" (Dkt. #10)); Plaintiff's response to that letter ("Pl. Pre-Motion Letter Response" (Dkt. #11)); the transcript of a conference this Court held to address the arguments set forth in the letters ("1/12/17 Tr." (Dkt. #19-2)); this case's docket ("Docket" (Dkt. #21-2)); an e-mail Plaintiff received on October 31, 2016, confirming that he paid a filing fee to open this case ("10/31/16 Payment E-Mail" (Dkt. #21-2)); an automated Notice of Electronic Filing that Plaintiff received by e-mail on November 1, 2016 ("11/1/16 Notice of Electronic Filing" (Dkt. #21-3)); and a Right to Sue letter that the EEOC mailed to Plaintiff on July 28, 2016 ("Right to Sue Letter" (Dkt. #27-1)).

For ease of reference, the Court refers to Defendants' brief in support of their instant motion as "Def. Br." (Dkt. #20), and to Plaintiff's opposition brief as "Pl. Opp." (Dkt. #22).

The parties agree that Plaintiff needed to file his Complaint on or before October 31, 2016, in order for his Title VII and ADEA claims to be timely. (1/12/17 Tr. 2; Pl. Opp. 7). Plaintiff contends that he met this deadline. (*See, e.g.*, Pl. Pre-Motion Letter Response 3 ("Plaintiff filed a lawsuit with this Court by and through its ECF system on October 31, 2016."); Pl. Opp. 7 ("[T]his action was filed on October 31, 2016."); *id.* at 9 ("[T]he Complaint was timely filed (i.e., 'delivered') to the Clerk on October 31, 2016[.]")).

But Plaintiff also concedes that his Complaint "was not *uploaded* into the CM/ECF system on October 31, 2016." (Pl. Pre-Motion Letter Response 3 (emphasis added); *accord* Pl. Opp. 7). And the parties have introduced several documents that corroborate Plaintiff's concession.

On October 31, 2016, at 4:53 p.m., Plaintiff received an automated e-mail from "Pay.gov" confirming that he had paid the $400.00 filing fee necessary to initiate a civil action in this District. (10/31/16 Payment E-Mail; *see also* 1/12/17 Tr. 4 (Plaintiff recalling that he attempted to upload Complaint "at 4:50-something")). But at 10:33 a.m. the following day — November 1, 2016 — Plaintiff received via e-mail an automated Notice of Electronic Filing (the "November 1 Notice of Electronic Filing") "generated by" this Court's "CM/ECF system." (11/1/16 Notice of Electronic Filing). It stated, in relevant part:

> NOTICE TO ATTORNEY TO FILE INITIAL PLEADING. Notice to Attorney Victor Hugo Saldarriaga to electronically file the initial pleading in this case. Failure to file the initial pleading may result in the

4

> dismissal of the case pursuant to Standing Order 15-
> mc-00131. Initial Pleading due by 11/7/2016.

(*Id.*). The first entry on this case's docket contains an identical message; this entry is also dated November 1, 2016. (Docket 2). A slightly different message, however, appears at the top of this case's docket: "Date Filed: 10/31/2016." (*Id.* at 1; *see also* 1/12/17 Tr. 5-6 (discussing "Date Filed" message at top of docket)).

After consulting with the Court's ECF Help Desk, Plaintiff was able to upload his Complaint to the Court's CM/ECF system on November 1, 2016. (Docket 2; Pl. Opp. 5).

**B.    Procedural Background**

On December 23, 2016, Defendants filed a letter announcing their intention to move to dismiss Plaintiff's First, Second, and Ninth Claims for Relief. (Def. Pre-Motion Letter 1). Plaintiff responded to that letter on January 3, 2017 — several days after his letter was due under Rule 2.H of this Court's Individual Rules of Practice in Civil Cases. (*See* Dkt. #11). In that letter response, Plaintiff offered a timeline of the Complaint's filing that largely accords with the timeline the Court set forth *supra*. He wrote: "Plaintiff filed a lawsuit with this Court by and through its ECF system on October 31, 2016." (*Id.* at 3). Plaintiff added that the case's docket and the payment confirmation e-mail he received "clearly demonstrate that this action was filed on October 31, 2016." (*Id.*). But Plaintiff also wrote that his Complaint "was not uploaded into the ECF system on October 31, 2016," a problem Plaintiff

5

remedied on November 1, 2016, when he "successfully upload[ed]" the Complaint. (*Id.*).

The Court held a pre-motion conference to discuss the parties' letters on January 12, 2017. (1/12/17 Tr. 1). During the conference, Plaintiff explained that when he spoke with the Court's ECF Help Desk on November 1, he learned that the internet browser he used when he first attempted to upload the Complaint — Microsoft Edge — is not compatible with this Court's ECF system. (*Id.* at 4). Only after Plaintiff switched to a different internet browser, Internet Explorer, was he able to upload the Complaint. (*Id.*). And although Plaintiff received the payment confirmation e-mail on October 31, and "an e[-]mail from the clerk" on November 1 stating that the Complaint was "not in the system," he did not recall receiving an e-mail on October 31 confirming "that [his] [C]omplaint had been received for filing." (*Id.* at 4-5).

On February 17, 2017, Defendants moved to dismiss the Complaint under Rule 12(b)(6). (Dkt. #18-20). Plaintiff opposed the motion on March 22, 2017 (Dkt. #21-22), and briefing concluded when Defendants submitted their reply brief on April 5, 2017 (Dkt. #23).

Defendants and Plaintiff filed declarations in support of their motion to dismiss and opposition, respectively. (Dkt. #19, 21). Both declarations attached several documents as exhibits. (*See* Dkt. #19-1 to 19-4, Dkt. #21-1 to 21-3). Accordingly, on June 1, 2017, the Court issued an Order (the "June 1, 2017 Order") indicating that it planned to convert Defendants' motion to

dismiss into a Rule 56 motion for summary judgment.[4]  (Dkt. #26).  The June 1, 2017 Order directed the parties to (i) show cause, in writing, why the Court could not consider the materials attached to the declarations "in adjudicating Defendants' motion for partial summary judgment"; and (ii) "submit … any additional materials they wish[ed] the Court to consider in" deciding the motion.  (*Id.* at 2).

Defendants responded to the June 1, 2017 Order on June 7, 2017.  (Dkt. #27).  They raised no objection "to the admissibility or authenticity of any of the documents submitted either in support [of] or opposition to" their motion.  (*Id.*).  Defendants attached to their response a copy of the Right to Sue Letter Plaintiff received from the EEOC.  (Right to Sue Letter).

Plaintiff did not respond to the June 1, 2017 Order.

---

[4]  The documents attached as exhibits to both declarations are arguably subject to judicial notice, and therefore subject to consideration on a motion to dismiss.  *See, e.g.*, *Goel* v. *Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (limiting universe of documents courts may consider in adjudicating motions to dismiss to include, *inter alia*, "matters of which judicial notice may be taken" (internal quotation mark omitted) (quoting *Concord Assocs., L.P.* v. *Entm't Props. Tr.,* 817 F.3d 46, 51 n.2 (2d Cir. 2016))).  But a court cannot take judicial notice of "the truth of the matters asserted" in a document appropriate for judicial notice.  *Beauvoir* v. *Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015) (internal quotation mark omitted) (quoting *Roth* v. *Jennings,* 489 F.3d 499, 509 (2d Cir. 2007)).  Here, that restriction would have impeded the Court's ability to resolve the timeliness argument Defendants raised in their motion to dismiss.  For example, the Court is confident that it could have taken judicial notice of the November 1 Notice of Electronic Filing without converting Defendants' motion to dismiss into a motion for summary judgment.  But the Court could not have accepted the truth of the statement asserted in the November 1 Notice of Electronic Filing — that Plaintiff did not file his Complaint on October 31, 2016.  At bottom, the question Defendants' motion to dismiss posed (When did Plaintiff file his Complaint?) was one of fact.  And converting Defendants' motion to dismiss into a motion for summary judgment allowed the Court to consider documents that squarely answer that question.

## DISCUSSION

Plaintiff filed his Complaint on November 1, 2016. Plaintiff may have paid a filing fee to open this case on October 31, 2016. But he did not actually file his Complaint until the following day. Accordingly, the Court grants Defendants' motion for partial summary judgment, and dismisses Plaintiff's First, Second, and Ninth Claims for Relief.

**A.    Applicable Law**

Resolving Defendants' motion for partial summary judgment requires the Court to answer two questions. First, what showing must a movant make to prevail on a Rule 56 motion for summary judgment? Second, when is a Complaint deemed "filed" in this District? The Court addresses each in turn.

**1.    Rule 56 Motions for Summary Judgment**

Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, "[a] motion for summary judgment may properly be granted … only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." *Rogoz* v. *City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (quoting *Kaytor* v. *Elec. Boat Corp.,* 609 F.3d 537, 545 (2d Cir. 2010)). "The function of the district court in considering [a] motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Id.* (quoting *Kaytor*, 609

F.3d at 545). And "[i]n determining whether summary judgment is appropriate, a court must construe the facts in the light most favorable to the non-moving party and ... resolve all ambiguities and draw all reasonable inferences against the movant." *Kuhbier* v. *McCartney, Verrino & Rosenberry Vested Producer Plan*, — F. Supp. 3d —, No. 14 Civ. 888 (KMK), 2017 WL 933126, at *7 (S.D.N.Y. Mar. 8, 2017) (internal quotation marks omitted) (quoting *Brod* v. *Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011)).

A party moving for summary judgment "bears the initial burden of demonstrating 'the absence of a genuine issue of material fact.'"[5] *ICC Chem. Corp.* v. *Nordic Tankers Trading a/s*, 186 F. Supp. 3d 296, 301 (S.D.N.Y. 2016) (quoting *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986)). "[A] fact is material if it 'might affect the outcome of the suit under the governing law.'" *Royal Crown Day Care LLC* v. *Dep't of Health & Mental Hygiene of City of N.Y.*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). And "[a] dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Negrete* v.

---

[5] The Court is aware that the 2010 Amendments to the Federal Rules of Civil Procedure revised the summary judgment standard from a genuine "issue" of material fact to a genuine "dispute" of material fact. *See* Fed. R. Civ. P. 56, advisory comm. notes (2010 Amendments) (noting that the amendment to "[s]ubdivision (a) ... chang[es] only one word — genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination."). As of this past year, the Second Circuit continues to use both formulations. *Compare, e.g.*, *Smith* v. *Barnesandnoble.com, LLC*, 839 F.3d 163, 166 (2d Cir. 2016) ("The moving party bears the burden to demonstrate the absence of any genuine issues of material fact."), *with, e.g.*, *Harris* v. *Miller*, 818 F.3d 49, 54 (2d Cir. 2016) ("[W]e conclude that there are genuine disputes of material fact [.]"). Indeed, the Circuit sometimes uses the terms interchangeably within the same decision. *Compare, e.g.*, *Cross Commerce Media, Inc.* v. *Collective, Inc.*, 841 F.3d 155, 162 (2d Cir. 2016) ("[T]here is a genuine dispute of material fact[.]"), *with, e.g.*, *id.* at 168 ("We therefore think that [the nonmovant] has raised a genuine issue of material fact[.]"). The Court at times relies on the traditional phrasing in this Opinion.

*Citibank, N.A.*, — F. Supp. 3d —, No. 15 Civ. 7250 (RWS), 2017 WL 758516, at *6 (S.D.N.Y. Feb. 27, 2017) (quoting *Liberty Lobby*, 477 U.S. at 248).

If a summary-judgment movant satisfies his initial burden, then "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250 (internal quotation marks and citation omitted). "To defeat summary judgment ... non-moving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts' and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Bermudez* v. *City of N.Y.*, 790 F.3d 368, 373-74 (2d Cir. 2015) (quoting *Jeffreys* v. *City of N.Y.,* 426 F.3d 549, 554 (2d Cir. 2005)). Put another way: "At the summary judgment stage, a nonmoving party 'must offer some hard evidence showing that its version of the events is not wholly fanciful.'" *Jeffreys*, 426 F.3d at 554 (quoting *D'Amico* v. *City of N.Y.,* 132 F.3d 145, 149 (2d Cir. 1998)).

### 2. Filing Complaints in the Southern District of New York

Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 5(d)(2) clarifies that a complaint "is filed by delivering it ... to the clerk[,] or ... to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 5(d)(2). And Rule 5(d)(3) adds that "[a] court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States." Fed. R. Civ. P. 5(d)(3).

This District has such a rule. Pursuant to Local Civil Rule 5.2(a), "[p]arties serving and filing papers" are required to "follow the instructions regarding Electronic Case Filing (ECF) published on the" Southern District of New York's website. S.D.N.Y. Local R. 5.2(a). Those instructions are collected in a document titled, fittingly, "Electronic Case Filing Rules & Instructions." Electronic Case Filing Rules & Instructions, United States District Court for the Southern District of New York (June 26, 2017) (document available at http://www.nysd.uscourts.gov/ecf_filing.php) (hereinafter, "SDNY ECF Rules").

The SDNY ECF Rules mandate that, in general, "all documents required to be filed with the Court must be filed electronically." SDNY ECF Rules § 1.1. This includes complaints filed in civil matters. *Id.* at § 1.2. Under Section 3.2 of the SDNY ECF Rules, "[w]hen a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court … and the filing party is bound by the document as filed." *Id.* at § 3.2. And Section 3.2 adds that "a document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing (NEF) from the Court." *Id.*; *accord id.* at § 13.12 ("An electronically filed document is deemed filed on the 'filed on' date indicated on the Notice of Electronic Filing (NEF)."); *see also id.* at § 3.1 ("[E]lectronic filing of a document in the ECF system consistent with these procedures, together with the transmission of a Notice of Electronic Filing (NEF) from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure[.]").

**B. Analysis**

The SDNY ECF Rules make this a straightforward case. Title VII and the ADEA required Plaintiff to file his Complaint within 90 days of receiving his Right to Sue Letter. *See, e.g.*, *George* v. *Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 435 (S.D.N.Y. 2016) (ADEA); *Moore* v. *City of N.Y.*, No. 15 Civ. 4578 (KPF), 2016 WL 3963120, at *6 (S.D.N.Y. July 21, 2016) (Title VII). "Generally speaking, '[t]his requirement should be strictly enforced and not extended by even one day.'" *Martinez* v. *Riverbay Corp.*, No. 16 Civ. 547 (KPF), 2016 WL 5818594, at *3 (S.D.N.Y. Oct. 4, 2016) (internal quotation marks omitted) (quoting *Holmes* v. *NBC/GE*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996)) (making this point in reference to Title VII); *Nash* v. *Human Dev. Servs. of Westchester*, No. 02 Civ. 8551 (DF), 2003 WL 22871911, at *5 (S.D.N.Y. Dec. 4, 2003) (quoting *Holmes,* 914 F. Supp. at 1042) (ADEA). It is undisputed that Plaintiff's 90-day filing deadline fell on October 31, 2016. Thus, under the SDNY ECF Rules, Plaintiff was required to upload his Complaint via ECF on or before that date.

Plaintiff did not meet this deadline. The thrust of Plaintiff's opposition brief is this: Although Plaintiff did not "upload[]" the Complaint "into the CM/ECF system on October 31, 2016," he nonetheless "filed" "this action" on October 31, 2016. (Pl. Opp. 7). That argument rests on a misunderstanding of the SDNY ECF Rules. In order to file his Complaint, Plaintiff needed to *upload* it into this Court's CM/ECF system — in this District, "filing" and "uploading" a complaint are one and the same. And if Plaintiff had filed his Complaint on

12

October 31, 2016, he would have received a Notice of Electronic Filing indicating as much. But the November 1 Notice of Electronic Filing — which directed Plaintiff "to electronically file the initial pleading in this case" (11/1/16 Notice of Electronic Filing) — affirmatively indicates that Plaintiff did not file his Complaint on October 31, 2016. Plaintiff's Title VII and ADEA claims are thus untimely.

Plaintiff attempts to resist this conclusion in two ways. He does not, however, point to a single piece of evidence that suggests that he filed the Complaint on or before October 31, 2016. And in turn, Plaintiff has fallen short of identifying a genuine issue of material fact capable of defeating Defendants' motion for partial summary judgment. *See Liberty Lobby*, 477 U.S. at 250. Nonetheless, the Court will address and reject Plaintiff's two counterarguments.

First, Plaintiff suggests that his use of the Microsoft Edge internet browser merely caused the Complaint to be deficient in its form, and thus this Court should deem the Complaint filed on October 31, 2016. (Pl. Opp. 8-9). This argument suffers from several flaws. For one, nothing in the record establishes that Plaintiff's use of a browser incompatible with the Court's CM/ECF system is the reason why his Complaint was not uploaded on October 31, 2016. (*Cf.* Def. Br. 4 (noting that District's CM/ECF "log-in page" does not list Microsoft Edge "as an approved browser")). Indeed, there is no evidence — apart from Plaintiff's unsworn assertions — that Plaintiff attempted to file his Complaint on October 31, 2016.

And even if the Court accepts as true Plaintiff's claim that his browser prevented him from timely filing the Complaint, this technological hiccup was not a defect in the Complaint's form. True, Federal Rule of Civil Procedure 5(d)(4) provides that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by [the Federal Rules of Civil Procedure] or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). And Rule 83(a)(2) adds that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). But neither Rule avails Plaintiff. Plaintiff's use of Microsoft Edge did not render the Complaint deficient in form; it prevented the Complaint from being filed at all. Put simply, on October 31, 2016, the Clerk of this Court had no Complaint of Plaintiff's to refuse. *Cf. Contino* v. *United States*, 535 F.3d 124, 126-27 (2d Cir. 2008) (per curiam) (appellant timely filed notice of appeal by electronically filing notice within 60 days of judgment being entered in the Southern District of New York, despite the fact that notice of appeal was rejected because SDNY ECF Rules required notice to be filed in paper).

Second, Plaintiff asserts that he timely filed his Complaint because he uploaded it within five days of receiving the November 1 Notice of Electronic Filing. This argument cuts against Plaintiff, because it underscores the fact that he filed the Complaint after October 31, 2016. The November 1 Notice of Electronic Filing informed Plaintiff that he had not yet filed his Complaint, and warned him that if he failed to file his Complaint by November 7, 2016, his

case might be dismissed.  Plaintiff received this notice because he paid a filing fee to open this case on October 31 (hence, the docket bears a "Date Filed" of "10/31/2016") but failed to upload his Complaint that same day.  By filing his Complaint on November 1, 2016, Plaintiff saved his case from being administratively closed by the Clerk of this Court.  But the November 7, 2016 filing deadline that the November 1 Notice of Electronic Filing imposed did not extend or override the filing deadlines in Title VII or the ADEA.  To satisfy those statutes, Plaintiff needed to file his Complaint on or before October 31, 2016.  He failed to do so, and thus his claims for relief under both statutes must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' motion for partial summary judgment is GRANTED, and Plaintiff's First, Second, and Ninth Claims for Relief are DISMISSED.  The Clerk of Court is directed to terminate the motion appearing at Docket Entry Number 18.

The parties are ORDERED to file a Proposed Civil Case Management Plan and Scheduling Order by **July 10, 2017**.

SO ORDERED.

Dated: June 26, 2017
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge